FILED & JUDGMENT ENTERED
David E. Weich

Oct 18 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br>HOWARD BUDDY HELMS, SR.<br>SANDRA NELSON HELMS<br>SSN: XXX-XX-7128<br>SSN: XXX-XX-5377<br><br>           Debtors | Case No.: 10-31612<br>Chapter 7 |

HOWARD BUDDY HELMS, SR.
SANDRA NELSON HELMS,

           Movants,

     v.

BELFOR USA GROUP, INC.,

           Respondent.

**ORDER DENYING DEBTORS'**
**MOTION TO AVOID JUDGMENT LIEN**

This matter came before the Court for consideration on the *Motion to Avoid Judgment Lien* (the "Motion") filed by the Debtors Howard Buddy Helms, Sr. and Sandra Nelson Helms the "Debtors") [Doc. No. 10], Belfor having filed its Objection to the Motion [Doc. No. 16], the Debtors having filed a Memorandum of Law in Support of the Motion [Doc. No. 37], the Court having conducted a hearing on the Motion on September 30, 2010 and the Court being otherwise fully and duly advised in the premises hereby DENIES the Debtor's Motion with prejudice and FINDS as follows:

1. Belfor entered into a contract (the "Contract") with the Debtors whereby Belfor agreed to provide work, including materials and equipment (the "Project"), for repairs arising from a fire at 15217 Bexley Place, Charlotte, Mecklenburg County, North Carolina (the "Property").

2. Pursuant to the terms of the Contract, the insurance policy proceeds in the amount owed to Belfor were assigned and to be paid directly to Belfor (the "Assignment").

3. On October 31, 2007, Belfor began providing the labor, materials and/or equipment to the Project pursuant to the terms of the Contract.

4. Debtors filed an insurance claim and received $266,363.00 for use in repairing the Property. Pursuant to the Assignment, Belfor was to receive the entire insurance policy proceeds. However, Debtors paid Belfor only $96,182.57 of the insurance proceeds.

5. On August 4, 2008, Belfor provided its last labor and materials to the Property. However, despite performing under the Contract and completing the Project, Belfor only received partial payment and was not paid $133,989.87 for the labor, materials and/or equipment furnished for the Project.

6. On November 26, 2008, Belfor filed a Claim of Lien on Real Property (the "Lien Claim") within 120 days of its last furnishing of labor, equipment and/or materials for the Project pursuant to N.C. Gen. Stat. § 44A, Article 2.

7. On January 22, 2009, Belfor filed a state court judicial action to enforce and perfect the Lien Claim as required by N.C. Gen. Stat. § 44A.

8. On April 28, 2010, the state court entered a Rule 52(a) Judgment (collectively with the Lien Claim, the "Judgment') and awarded a statutory lien on the Property in the amount of $113,145.30 plus prejudgment interest at the contract rate of 18% per annum and $17,000 for attorneys' fees in accordance with N.C. Gen. Stat. §§ 44A-17 through 35 with an effective date of October 31, 2007 for purposes of establishing lien priority.

9. On June 6, 2010, the Debtors filed their voluntary petition (the "Petition Date") under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Code"). [Doc. No. 1].

10. Debtors filed the Motion pursuant to 11 U.S.C. § 522(f)(1) of the Bankruptcy Code alleging that the Judgment was a "judicial lien" that could be avoided under Section 522(f)(1).

11. Belfor objected for the reason that the Judgment was a "statutory lien" and therefore not avoidable as a judicial lien under Section 522(f)(1).

12. Section 522(f)(1) of the Code provides in pertinent part,

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)....

3

11 U.S.C. 522(f)(1).

13.  Section 101(36) of the Code defines a "judicial lien" as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." Conversely, section 101(52) of the Code defines "statutory lien" as a "lien arising solely by force of a statute on specified circumstances or conditions...." As a result, section 522(f)(1) expressly provides relief only for judicial liens and does not allow a debtor to avoid statutory liens. *See In re Chambers*, 264 B.R. 818 (Bankr. N.D. W.Va. 2001); COLLIER ON BANKRUPTCY, ¶ 522.11.

14.  The Judgment constitutes a mechanics' lien. The legislative history of the Bankruptcy Code indicates that Congress considered mechanics' liens to be statutory liens:

> The definition [of a statutory lien] excludes judicial liens and security interests, whether or not they are provided for or are dependent on a statute, and whether or not they are made fully effective by statute. A statutory lien is only one that arises automatically, and is not based on an agreement to give a lien or on judicial action. Mechanics', materialmens', and wharehousemens' liens are examples.

S.Rep. No. 95-989 at 27, 95th Cong., 2d Sess. (1978), U.S. Code Cong. & Admin. News 1978, at 5787, 5813, quoted in *In re Chambers*, 264 B.R. 818, 820-21 (Bankr. N.D. W.Va. 2001). As a general rule, courts have defined mechanics' liens as statutory liens. *See, e.g., In re Concrete Structures, Inc.*, 261 B.R. 627, 31-32 (E.D.Va. 2001).

15.  In North Carolina, the various forms of mechanics' liens against real property arise under North Carolina Code Chapter 44A, Article 2 entitled "Statutory Liens on Real Property." A materialman's lien, such as that of Belfor, arises specifically under section 44A-8. This section provides that:

> Any person who performs or furnishes labor....pursuant to a contract, either express or implied, with the owner of real property for the making of an improvement thereon shall, upon complying with the provisions of this Article, have a right to file a claim of lien on real property on the real property to secure

4

payment of all debts owing for labor done or professional design or surveying services or material furnished or equipment rented pursuant to the contract.

16. The methods of perfecting and enforcing materialmens', laborers' and other mechanics' liens are set forth later in Article 2 of the North Carolina Code. Section 44A-12 states, in part that:

> All claims of lien on real property must be filed in the office of the clerk of superior court in each county where the real property subject to the claim of lien on real property is located. The clerk of superior court shall note the claim of lien on real property on the judgment docket and index the same under the name of the record owner of the real property at the time the claim of lien on real property is filed....
>
> Claims of lien on real property may be filed at any time after the maturity of the obligation secured thereby but not later than 120 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the lien.

17. Finally, sections 44A-13 and 44A-16(3) provide a statute of limitations for enforcing mechanics' and materialmans' liens:

> An action to enforce a claim of lien on real property may be commenced in any county where venue is otherwise proper. No such action may be commenced later than 180 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the claim of lien on real property.
>
> \*   \*   \*
>
> Any claim of lien on real property filed under this Article may be discharged by any of the following methods... (3) By failure to enforce the claim of lien on real property within the time prescribed in this Article.

18. Accordingly, under North Carolina law a materialman's lien attaches upon delivery of materials. In order to preserve the lien, the lienholder must record the lien within 120 days from the last date work was performed. From the date of recordation, the lienholder must bring an enforcement suit within six months, or the lien is discharged. As a result, materialmens' liens, as all mechanics' liens in North Carolina, attach by force of statute.

19. Several jurisdictions with mechanics' lien statutes similar to those of North Carolina have concluded that mechanics' liens are statutory liens. *See, e.g. In re Chambers*, 264 B.R. 818, 820-21 (Bankr. N.D. W.Va. 2001); *Concrete Structures*, 261 B.R. at 631; *In re APC Constr. Inc.*, 132 B.R. 690, 693 (D.Vt. 1991); *In re Ramsey*, 89 B.R. 680 (Bankr. S.D.Ohio 1988); *In re Wisner*, 77 B.R. 395 (Bankr. N.D.N.Y. 1987); *In re Piambino*, 45 B.R. 243 (Bankr. S.D.Fla. 1984). Indeed, North Carolina Chapter 44A is titled "Statutory Liens and Charges" and Article 2 is titled "Statutory Liens on Real Property."

20. Under the Bankruptcy Code, "a judicial lien arises only by virtue of judicial proceedings in the absence of which there would not be such a lien. The statutory lien by definition arises without any judicial proceeding." 2 Collier on Bankruptcy § 101.53. In North Carolina, mechanics' liens arise and are created by the force of statute, and are merely enforced through judicial proceedings.

21. Therefore, since a mechanics' lien under North Carolina law is a statutory lien, the Debtors may not avoid the Judgment, including the Claim of Lien, under Section 522(f).

WHEREFORE, in consideration of the foregoing findings of fact and conclusions of law, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Debtors' Motion to Avoid Judgment Lien is denied with prejudice.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court